CHARLES V. LOOK, plaintiff in review, *vs.* WILLIAM R. RAMSDELL.

Aroostook. Decided November 20, 1878.

*Review.*

By R. S., c. 89, § 7, if the plaintiff fails to enter a writ of review at the next term after it is granted, the court has power, in its discretion, to allow it to be entered at the second term.

ON EXCEPTIONS.

ACTION OF REVIEW. A petition for writ of review was granted at the February term, 1876. The docket entries under the action of review are as follows:

" Madigan & Donworth and H. L. Whitcomb for Pl'ff.—James Mulholland for Def 't. Feb. term, 1877, (2) motion to dismiss; (7) leave to enter the action. Sep. term, 1877, (4) motion sustained; action dismissed; (16) Law on Exceptions."

At the February term, 1877, the defendant, Ramsdell, filed the following motion to dismiss:

" And now the defendant in this action comes and moves to dismiss the above entitled action, because he says that the writ in this action was not entered at the first term of this court after said writ was granted, to wit, the September term, 1876; and that no leave was obtained at the term at which said writ was granted, to wit, the February term, 1876, of this court, to enter said writ at the second term of this court after said writ was granted."

At the September term, 1877, the plaintiff, Look, filed the following bill of exceptions:

" Action of review. Writ dated September 23d, 1876. The petition of the plaintiff was heard and review granted at the February term of said court, 1876. The action of review was served February 12th, 1877, and was placed on the docket the first day of the February term, 1877. On the second day of the last mentioned term a motion to dismiss the action was filed, and on the seventh day of said term the presiding judge heard the motion of plaintiff for leave to enter the action, and caused the following entry to be made on the docket. ' Leave to enter the action,' and

the case was continued. At the succeeding term (September, 1877), the presiding judge *pro forma* sustained the motion and ordered the action dismissed. The plaintiff claimed that the motion had been passed upon at the preceding term when he obtained leave to enter the action, and offered evidence to show that the record, as made upon the docket, was incomplete, and that Judge Danforth had heard the motion, and the arguments and authorities of counsel touching the motion, and had virtually if not fully overruled said motion ; which evidence the presiding judge at the September term, 1877, excluded. To the exclusion of such evidence, and to the ruling sustaining the motion, and to the order to dismiss said action, the plaintiff alleged exceptions."

*J. Madigan & J. P. Donworth,* for the plaintiff.

*J. Mulholland,* for the defendant.

LIBBEY, J. The motion to dismiss was properly before the court. The docket did not show that it had been acted upon at the previous term. The evidence offered by the plaintiff was inadmissible. There was no motion to correct the docket entry. The evidence contradicted the record.

We think the case brings properly before this court the construction of R. S., c. 89, § 7. This section provides that the writ "shall be entered at the next term after the review is granted, unless leave is granted to enter it at the second term."

This provision of the statute is derived from the laws of 1826, c. 347, § 5, which reads as follows : "Whenever a review is granted by the supreme judicial court, and the plaintiff fails to enter the same at the next term thereof, the entry of such action of review may be allowed at the second term of said court, holden after said review is granted ; and the plaintiff shall be authorized to prosecute the same to final judgment."

This statute was enacted soon after the decision of *Hobart* v. *Tilton,* 1 Maine, 399, cited and relied on by the counsel for the defendant, in which the court held that, when a review is granted, the writ must be entered at the next following term, unless otherwise specially provided in the order of court by which the review is granted. We think it perfectly clear that the legisla-

ture, having this decision before it, intended to change the rule as held therein, by giving the court power to allow the entry at the second term, if the plaintiff fails to enter it at the next term after the review is granted. The language is plain and admits of no other construction.

Has the meaning of this statute been changed by the several revisions?

It first appears in the revision of 1840, c. 124, § 5, in the following language: "The plaintiff in review shall enter the action at the next term after it is granted, unless for special reasons the court on motion grant leave to enter it at the second term." The language of the revision of 1857 is the same as the present statute.

We think the legislature, in revising the act of 1826, by changing its phraseology did not intend to change its meaning; and that, by the true construction of R. S., c. 89, § 7, if the plaintiff fails to enter the writ of review at the next term after it is granted, the court has power, in its discretion, to allow it to be entered at the second term.

*Exceptions sustained.*
*Motion overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS JJ., concurred.